**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-11021
Summary Calendar

RITA RENEE JONES,

Plaintiff-Appellant,

VERSUS

MARVIN T. RUNYON,

Defendant-Appellee.

Appeal from the United States District Court
For the Northern District of Texas

(3:93-CV-1511-R)

March 25, 1997

Before WISDOM, KING, and SMITH, Circuit Judges.

PER CURIAM:[*]

    Rita Renee Jones appeals the district court's grant of

summary judgement for her employer, the United States Postal

Service.  For the reasons that follow, we AFFIRM the district

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

court's order in part, VACATE in part, and REMAND the case for trial.

Summary judgement is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgement as a matter of law.  FED. R. CIV. P. 56(c).  All reasonable doubts and inferences must be decided in the light most favorable to the party opposing the motion.  Thornbrough v. Columbus and Greenville R.R. Co., 760 F.2d 633, 640 (5th Cir. 1985).  As long as there appears to be some evidentiary support for the disputed allegations, the motion must be denied. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

The only issue on appeal concerns whether the plaintiff raised any genuine issue of material fact as to her claim of retaliatory discharge.  To establish a prima facie case of retaliatory discharge, the plaintiff must show: (1) that she was engaged in an activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that there was a causal connection between the protected activity and the adverse employment decision.  Jones v. Flagship Intern., 793 F.2d 714, 724 (5th Cir.), cert. denied, 479 U.S. 1065 (1987).  In its July 16, 1996 order, the court stated that it "previously found that Plaintiff raised a fact issue regarding the element of causal connection.  Specifically, Plaintiff provided evidence that Johnson [Jones's supervisor] knew about her prior EEO activity

and this knowledge led to her eventual termination, thus demonstrating a causal connection." The court then found that Johnson's affidavit amounted to "uncontroverted evidence that he [Johnson] did not learn of her prior EEO activity until after her termination", and that therefore the plaintiff could not establish any causal connection. We disagree.

The court had before it an affidavit submitted to the EEO investigator by Johnson. The affidavit stated in relevant part:

Q: Prior to the notice of said removal, being issued, did you have knowledge of this complainant filing EEO complaints? If yes, was reprisal a factor in the notice of removal being issued?

A: Yes, 10/10/91. Reprisal was not a factor.

Record p. 65. Although the date given is after Jones's removal, the answer to the question "Did you have **prior** knowledge" is clearly in the affirmative. This answer is cast in a somewhat different light in Mr. Johnson's affidavit given in support of the defendant's motion for summary judgement. There, Mr. Johnson states that he "was aware of Ms. Jones' prior EEO activity as of October 10, 1991". This conflicts his prior statement. As a result, whether Mr. Johnson knew of the plaintiff's prior EEO activity remains at issue. We find this to be a genuine issue of material fact within Rule 56 (c).

Because Jones raises only her retaliation claim on appeal,

3

the portion of the district courts order dismissing her gender discrimination claim is **AFFIRMED.**  The courts grant of summary judgment as to the retaliation claim is **VACATED** and the case is **REMANDED** to the district court for trial on the that issue.  It is so **ORDERED.**

4